## ⸤ STEINBRIDGE'S Appeal.

Upon an appeal from the decree of the Court of Common Pleas, distributing the proceeds of real estate sold by the sheriff, the affidavit must be made by the party, it is insufficient if made by the attorney.

The order of the Court of Common Pleas, opening a judgment and letting the defendant into a defence, does not destroy the lien from the original date of its entry.

THIS was an appeal from the decree of the Court of Common Pleas of Northumberland county, distributing the proceeds of the sale by the sheriff, of the real estate of *Henry Donnel.*

On the 9th June, 1818, *George Boyer* obtained a judgment by default against *Henry Donnel,* in an action of debt, for two thousand dollars. On the 22d August, 1818, this entry was made upon the docket: "On motion and affidavit filed, judgment opened, and defendant, *Henry Donnel,* let into a defence." On the 23d January, 1819, "judgment by consent for the plaintiff, for one thousand one hundred and thirty-one dollars and eleven cents."

On the 22d January, 1819, *H. G. Steinbridge* obtained a judgment against *Henry Donnel,* for one hundred and fifty-seven dollars and sixty cents.

The lien of each of the judgments was preserved from the time of their original entry, until the sale of the defendant's real estate by the sheriff.

The question in the court below was, whether the order of the court of the 22d August, 1819, opening the judgment of *George Boyer,* and letting the defendants into a defence, did not destroy the lien of the judgment; which was not again acquired until the 23d January, 1819, one day after *Steinbridge* obtained his judgment.

The opinion of the court below was, that the judgment was opened merely for the purpose of letting the defendant make defence, and that the lien remained: and therefore decreed in favour of *George Boyer,* from which decree *Steinbridge* appealed.

In this court a motion was made to quash the appeal, on the ground, that the affidavit upon which it was founded, was made by the attorney, and not by the party.

*Bradford* and *Merrill,* for appellant.

*Greenough* and *Packer,* for appellee.

PER CURIAM.—The appeal is to be had on terms prescribed in the sixth section of the act of the 11th March, 1809, as we have heretofore determined; and in *Bryan v. M'Cullough,* at the present term, *ante,* 421, we held that the words of the law are too peremptory to allow the affidavit, which is made a requisite preliminary to an appeal, equally with a writ of error, to be made by any one but the party. The inconvenience of this, if any should result,

will doubtless be remedied by the legislature, to whom the subject
exclusively belongs.    But this is immaterial here, as the proceed-
ings are to be affirmed on the merits.    A judgment may be opened,
or it may be set aside.    If the former, it remains a judgment still,
and with all the attributes as such, of which the order of the court
has not deprived it.    Here it was opened to let the party into not
even a full defence : consequently it was no further disturbed, than
to effect that object.    Sometimes the judgment is expressly ordered
to stand as a security *ex majore cautela ;* but that is unnecessary.
By the construction of the acts of assembly, by which lands may be
seized in execution, lien is an incident of every judgment, and of
which it can be deprived only by being set aside.    That was not
done here, and the court below determined correctly, that the lien
existed from the first rendition.

Decree affirmed.